IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

PERCIVAL LARONE WILLIAMS,

    Plaintiff,
v.                                             CASE NO. 1:21-cv-161-AW-GRJ

JUDGE PHILLIP A PENA;
ASSISTANT PUBLIC DEFENDER
JOAN LARRICK; STATE OF FLORIDA,

    Defendants.
_____/

**ORDER AND
REPORT AND RECOMMENDATION**

This case is before the Court for screening of Plaintiff's *pro se* Complaint, ECF No. 1. Plaintiff also moves for leave to proceed as a pauper, ECF No. 2. Leave to proceed as a pauper will be granted for the limited purpose of recommending dismissal of the case pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. § 1915A.[1]

---

[1] Plaintiff was confined at the Alachua County Jail when this case was filed, and therefore he is a "prisoner" for purposes of the PLRA. He was released after the case was filed, *see* ECF No. 7 (notice of change of address), and therefore it is not possible to enforce the PLRA's filing fee provisions against him. In view of Plaintiff's release, the Court will not enter the installment-fee order normally required under 28 U.S.C. § 1915(b).

Plaintiff alleges that he is asserting a civil rights claim pursuant to 42 U.S.C. § 1983. Plaintiff's claims stem from a state-court misdemeanor criminal case, Alachua County Case No. 2021-MM-001519-A, in which Plaintiff was charged with violating a "no contact" order entered in a pending felony domestic battery case (Case No. 01-2021-CF-002280-A). Plaintiff alleges that he was "unlawfully" prosecuted and "falsely imprisoned" by being sentenced to 90 days in the county jail. He seeks monetary relief for lost wages, for being infected with COVID-19 while in jail, and for mental suffering. The defendants are Circuit Court Judge Phillip A. Pena, the unnamed Assistant State Attorney who prosecuted Plaintiff, and Assistant Public Defender Joan Larrick. ECF No. 1.

The Court may take judicial notice of the state-court criminal proceedings underlying the Complaint. *See Coney v. Smith*, 738 F.2d 1199, 1200 (11th Cir. 1984) (Court may take judicial notice of state court criminal proceedings in subsequent § 1983 case even where parties did not make them part of the record) (citing *Moore v. Estelle*, 526 F.2d 690, 694 (5th Cir.1976)). In Case No. 2021-MM-001519-A, Plaintiff was charged with violating the terms of his conditional release in the felony domestic battery case by contacting the victim. The arrest report reflects that Plaintiff called the victim several times from the jail to discuss the pending battery

2

case. An Alachua County Sheriff's deputy listened to the calls and attested to the contents. On August 17, 2021, Plaintiff was charged with one count of violation of pretrial release for domestic violence. On September 15, 2021, Plaintiff pled no contest to the charge and was sentenced to 90 days in jail, with 42 days of credit for time served. *See* Alachua County Circuit Court Case No. 2021-MM-001519-A (docket entries). The State dropped the felony battery charge on August 30, 2021. *See* Alachua County Circuit Court Case No. 2021-CF-2280-A (State's "No Information" memo, Aug. 30, 2021).

Pursuant to 28 U.S.C. § 1915A ("Screening"), "[t]he Court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must dismiss the complaint if it "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or if it "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1),(2).

Plaintiff's claims against the defendants identified in the Complaint are barred by immunity doctrines. As to Circuit Judge Pena, a judge is entitled to absolute judicial immunity for all actions taken in their judicial capacity, except when the judge acts in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (citation

omitted). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." *Bolin*, 225 F.3d at 1239. This court "may dismiss a claim based on absolute judicial immunity if it represents an 'obvious bar' based on the allegations in the complaint." *Williams v. Alabama*, 425 F. App'x 824, 825 (11th Cir. 2011) (unpublished and quoting *Sibley v. Lando,* 437 F.3d 1067, 1070 (11th Cir. 2005). Plaintiff alleges no facts suggesting that Judge Pena is not entitled to immunity from suit. *See* ECF No. 1.

"In § 1983 actions, prosecutors have absolute immunity for all activities that are " 'intimately associated with the judicial phase of the criminal process.' " *Van de Kamp v. Goldstein*, 555 U.S. 335, 338 (2009) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *accord Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). "A prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as advocate." *Jones*, 174 F.3d at 1281. Again, there are no factual allegations suggesting that Plaintiff's claim against the unnamed Assistant State Attorney fall within any exception to this immunity doctrine.

4

Plaintiff's claim for monetary damages against the public defender who represented him, Joan Larrick, is not cognizable. In order to prevail on a civil rights action under § 1983, a plaintiff must show that he was deprived of a federal right by a person acting under color of state law. *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001). "[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1277 (11th Cir. 2003) (citation and quotation marks omitted). "[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Plaintiff conclusionally alleges that his counsel "held back the facts of the case", ECF No. 1 at 5, but this allegation is too vague to suggest that his counsel did anything other than perform "a lawyer's traditional functions" in his case such that she could have any liability under § 1983.

Moreover, the state-court docket reflects that Plaintiff pled no contest to the charged offense and was convicted upon his plea. To the extent Plaintiff alleges he was falsely arrested, the existence of probable cause is an absolute bar to a false arrest claim. *Rushing v. Parker,* 599 F.3d 1263,

1265 (11th Cir. 2010); *Von Stein v. Brescher,* 904 F.2d 572, 584 n.19 (11th Cir.1990); *see LeGrand v. Dean,* 564 So.2d 510, 511 (Fla. 5th DCA 1990). Under Florida law, a conviction conclusively establishes the existence of probable cause for that arrest. *Ware v. United States,* 971 F.Supp. 1442, 1465 (M.D.Fla.1997) (citing *Padrevita v. City of Lake Worth,* 367 So.2d 739, 742 (Fla. 4th DCA 1979)); *see also Shank v. Spruill,* 406 F.2d 756, 757 (5th Cir.1969) (holding an arrest must be viewed as proper and lawful when followed by a conviction).

To the extent Plaintiff claims he was subjected to malicious prosecution, "[b]oth termination and a favorable resolution for the plaintiffs are necessary to prove malicious prosecution." *N.A.A.C.P. v. Hunt*, 891 F.2d 1555, 1563 (11th Cir. 1990). A no-contest plea and resulting conviction is patently not a favorable resolution, and therefore Plaintiff cannot state a claim for malicious prosecution.

Ordinarily, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief," *Foman v. Davis*, 371 U.S. 178, 182 (1962), leave to amend "should be freely given." See Fed. R. Civ. P. 15(a). Under *Foman*, however, a district court may properly deny leave to amend the complaint when such amendment would be futile. *Foman*, 371 U.S. at 182. Because the named Defendants are immune or otherwise not

6

amenable to suit, and the underlying state-court record reflects that Plaintiff cannot establish the factual prerequisites for a false arrest or malicious prosecution claim, the Court concludes that amendment of the Complaint would be futile.  For these reasons, Plaintiffs' claims should be dismissed with prejudice. *See Cox v. Mills*, 465 Fed.Appx. 885, 889 (11th Cir. 2012) (holding that "the court need not grant leave [to amend]...where the complaint as amended would still be subject to dismissal").

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED.**

It is respectfully **RECOMMENDED** that this case be **DISMISSED** with prejudice without leave to amend pursuant to 28 U.S.C. § 1915A.

**IN CHAMBERS** this 28th day of October 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636**.